**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**WENDELL LEONARD CRUSE,**

  **Plaintiff,**

                Civil Action 2:19-cv-02770
                 Judge Michael H. Watson
  v.              Chief Magistrate Judge Elizabeth P. Deavers

**SGT. "JOHN" MONTROSE,** *et al.*,

  **Defendants.**

### INITIAL SCREEN REPORT AND RECOMMENDATION

Plaintiff, a resident at Franklin County Community Based Correctional Facility ("FCCBCF")[1] who is proceeding without the assistance of counsel, brings this action against Defendants Sgt. "John" Montrose, "Major Turner," and "Unknown Techcare Employees." (ECF No. 1.) The Court previously granted Plaintiff's Motion for Leave to Proceed *in forma pauperis*. (ECF No. 6.) This matter is now before the Court for an initial screen of Plaintiff's Complaint as required by 28 U.S.C. § 1915(e)(2) to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Having performed the initial screen, for the following reasons, it is **RECOMMENDED** that the Court **DISMISS** this action in its entirety.

---

[1] Per the Ohio Department of Rehabilitation & Correction's website, "[a]ll residents are sentenced to the FCCBCF by the Franklin County Common Pleas judges and are felony level offenders who are eligible to be sentenced to prison. The FCCBCF is a prison diversion program that provides effective education and treatment services to residents." https://www.drc.ohio.gov/franklin-cbcf (last visited August 12, 2019).

**I.**

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)[1] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> \*   \*   \*
>
> (B) the action or appeal--
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the

---

[1] Formerly 28 U.S.C. § 1915(d).

pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd.*, *P'Ship v. Flagstar Bank*, *F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* ain complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

**II.**

Plaintiff's Complaint includes three counts: "denial of access to the court," "denial of medical care," and "cruel and unusual punishment." The Undersigned will address each count in turn.

**A. Denial of Access to the Court**

Plaintiff alleges that he sent a request to use the facility law library and that Defendant Montrose "sent Plaintiff a 'call card' response; stating that in his opinion, and based upon facility policy; Plaintiff had not shown a sufficient need to use the facility law library and denied Plaintiff's request." (ECF No. 1, at PAGEID # 3.) Plaintiff further alleges that he "was forced to plead guilty to the charges contained in the indictment due to a complete lack of knowledge of basic defenses available concerning the sufficiency of the indictment, lack of witnesses with personal knowledge of the alleged incident and the provenance and chain of custody of video evidence." (*Id.*)

"Essentially, a claim for denial of access to the courts has unique pleading requirements: a plaintiff must plead a case within a case, alleging the law and facts sufficient to establish both the interference with his access to the courts, and the non-frivolous nature of the claim that was lost." *Brown v. Matauszak*, 415 F. App'x 608, 612 (6th Cir. 2011). Here, Plaintiff has failed to satisfy this pleading requirement. To state a claim for denial of access to the courts, a plaintiff must allege actual injury, "*i.e.*, the loss of or interference with a non-frivolous, constitutionally protected claim." *Combs v. Bunting*, No. 2:15-cv-00702, 2016 WL 98596, at *6 (S.D. Ohio Jan. 8, 2016) (citations omitted). A plaintiff must

> demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim. He might show, for example, that a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance

> facilities, he could not have known. Or that he had suffered arguably actionable harm that he wished to bring before the courts, but was so stymied by inadequacies of the law library that he was unable even to file a complaint.

*Lewis v. Casey*, 518 U.S. 343, 351 (1996). A plaintiff "must also show that the restricted access is not due to prison regulations 'reasonably related to legitimate penological interests.'" *Bennett v. Mohr*, No. 2:14-cv-1450, 2017 WL 3053810, at *3 (S.D. Ohio July 19, 2017) (citing *Lewis*, 518 U.S. at 361 ("The district court made much of the fact that lockdown prisoners routinely experience delays in receiving legal materials or legal assistance, some as long as 16 days, but so long as they are the product of prison regulations reasonably related to legitimate penological interests, such delays are not of constitutional significance, even where they result in actual injury.")). Here, Plaintiff's broad statement regarding the effects of his inability to access the facility law library does not meet this threshold. As the United States Court of Appeals has stated, "[w]e are concerned with a right of access *to the courts*, not necessarily to a prison law library. There is no claim made here that any particular prisoner was actually impeded in his access to the courts." *Walker v. Mintzes*, 771 F.2d 920, 932 (6th Cir. 1985) (emphasis in original).

Furthermore, regarding Defendant Montrose, all Plaintiff alleges is that he responded to Plaintiff's request to use the facility law library. (ECF No. 1, at PAGEID # 3.) Plaintiff does not allege any specific wrongful conduct by Defendant Montrose. Plaintiff's limited assertion, therefore, does not support any claim arising under 42 U.S.C. § 1983 against Defendant Montrose. *See Leach v. Shelby Co. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989) (providing that a party cannot be held liable under Section 1983 unless the party personally participated in, or otherwise authorized, approved or knowingly acquiesced in, the allegedly unconstitutional conduct); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984) (stating that, "[a]t a minimum a

[Section] 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct").

### B. Denial of Medical Care

Plaintiff alleges the following regarding denial of medical care:

> On or around April 25, Plaintiff started experiencing severe pain in his right shoulder which had been dislocated in a car accident. Plaintiff sent numerous call cards and filed numerous grievances seeking to see the doctor. (see Exhibit B and C).
>
> Plaintiff['s] requests were continuously ignored or delayed and one occasion, Plaintiff was told by an unknown Deputy and the Nurse that Plaintiff might be seen quicker If; "everyone did not have to spend time reading all the call cards and grievances you file"
>
> Plaintiff suffered grievous pain and emotional and mental distress and mental anguish through the inactions of Defendants.

(ECF No. 1, at PAGEID # 4.) Plaintiff makes no mention of any of the Defendants regarding denial of medical care. He does not allege that any Defendant he has named in this lawsuit had anything to do with denying him treatment. Plaintiff, therefore, fails to state a claim for denial of medical care against any of the Defendants. *Combs*, 2016 WL 98596 at *5 (finding that Plaintiff failed to state a claim against defendant because there was "no allegation that this defendant encouraged or otherwise participated in the alleged denial of medical services[.]").

### C. Cruel and Unusual Punishment

Plaintiff alleges that he has been provided an "insufficent [sic] amount of food, each and every meal, to meet the USDA minimum amount of calorie intake for adult males[,]" that he has been "force[d] to survive on a subsistence diet; consisting of minute portions of food[,]" and that he has "suffered severe hunger; emotional anguish and emotional and mental distress and grievous injury[.]" (ECF No. 1, at PAGEID # 5.) Once again, Plaintiff fails to mention how any

of the named Defendants participated or condoned this alleged cruel and unusual punishment, which makes the claim subject to dismissal.

In any event, Plaintiff has failed to plead a cognizable constitutional claim. "The Eight Amendment requires prison officials to provide inmates with a diet that is nutritionally adequate for the maintenance of normal health." *Adams v. Hardin Cnty Detention Ctr.*, No. 3:16-cv-p29-crs, 2016 WL 2858911, at *6 (W.D. Ky. May 16, 2016) (citing *Clark-Murphy v. Foreback*, 439 F.3d 280, 292 (6th Cir. 2006) & *Cunningham v. Jones*, 567 F.2d 653, 656 (6th Cir. 1977)). "Food served to inmates need not be appetizing. The Eighth Amendment merely requires . . . that it be adequate to meet an inmate's essential nutritional needs." *Heinz v. Teschendorf*, No. 05-cv-73470, 2006 WL 2700813, at *8 (E.D. Mich. Sept. 19, 2006) (citation omitted).

The United States Court of Appeals for the Sixth Circuit has consistently held that "[t]o establish an Eighth Amendment violation, the plaintiff must show that the defendant acted with deliberate indifference to his basic needs." *Cardinal v. Metrish*, 564 F.3d 794, 801 (6th Cir. 2009); *see also Watkins v. City of Battle Creek*, 273 F.3d 682, 686 (6th Cir. 2001). Unnecessary and deliberate withholding of food "that is essential to normal health can constitute the deliberate indifference to medical needs that violates the Eighth Amendment." *Cardinal*, 564 F.3d at 801. In his Complaint, however, Plaintiff fails to indicate that the portions of food being served at FCCBCF are so small that they would create a substantial risk of serious harm to his health and safety. Nor does Plaintiff allege that Defendants have actively withheld meals from him. (*See* ECF No. 1.) Indeed, the only specificity in his Complaint regarding the food served to him comes from two Inmate Call Cards that Plaintiff attaches to his Complaint. (ECF No. 1, at PAGEID # 9 ("Today For dinner I had one chicken sandwich, 2 spoonful of pineapple and 3 spoonfuls of macaroni salad."); # 10 ("I received one hotdog [illegible handwriting.]").)

7

The Undersigned concludes that Plaintiff's allegations regarding the food served by FCCBCF fail to state an Eighth Amendment claim because he does not sufficiently indicate that his physical health has been harmed by the meal plan beyond his own bare allegations. *See Adams*, 2016 WL 2858911 at *6. Furthermore, Plaintiff fails to "make specific allegations regarding the number of meals served per day, the content of those meals, how much weight [if any, he has] actually lost, and whether [his] current weight would still be considered healthy based upon [his] height." *Id.*

### D. Defendants Major Turner and Unknown Techcare Employees

Plaintiff's Complaint does not include any allegations related to Defendant Major Turner or Defendants "Unknown Techcare employees." (*See* ECF No. 1.) The only place these defendants appear is in Plaintiff's handwritten case caption on his Complaint. (*Id.*) Accordingly, because his Complaint fails to include any factual matter regarding a claim for relief against these Defendants, Plaintiff's Complaint, therefore, fails to state a claim to relief that is plausible on its face. *See Iqbal*, 556 U.S. at 678; *Gilmore v. Corrections Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) ("Merely listing names in the caption of the complaint and alleging constitutional violation in the body of the complaint is not enough to sustain recovery under § 1983.") (citing *Flagg Bros. v. Brooks*, 436 U.S. 149, 155–57 (1978)); *Kister v. Henry*, No. 2:12-cv-119, 2014 WL 12770095, at *11 (S.D. Ohio March 13, 2014) (finding plaintiff failed to assert a § 1983 claim against John and Jane Does 1-27 given that he failed to indicate their involvement in the violation of his constitutional rights).

### III.

For the reasons explained above, it is **RECOMMENDED** that Plaintiff's Complaint be **DISMISSED** in its entirety. It is **FURTHER RECOMMENDED** that the Court certify

8

pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny Plaintiff leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

## **PROCEDURE ON OBJECTIONS**

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review of by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . ." (citation omitted)).

Date: August 14, 2019                    /s/ *Elizabeth A. Preston Deavers*
**ELIZABETH A. PRESTON DEAVERS**
**CHIEF UNITED STATES MAGISTRATE JUDGE**