UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**Wendell Leonard Cruse,**

    Plaintiff,

    v.                        Case No. 2:19-cv-2770

**Sgt. John Montrose,** *et al.*,       Judge Michael H. Watson

    **Defendants.**              Magistrate Judge Deavers

## OPINION AND ORDER

Wendell Leonard Cruse ("Plaintiff") is a state inmate proceeding without the assistance of counsel. He filed this action against Sergeant John Montrose ("Montrose"), Major Turner ("Turner"), and Unknown Techcare Employees ("Techcare Employees"). Compl., ECF No. 1. Magistrate Judge Deavers issued a report and recommendation ("R&R") granting Plaintiff's motion to proceed *in forma pauperis* ("IFP") and, after conducting an initial screening of his Complaint pursuant to 28 U.S.C. § 1915(e), recommending dismissal of Plaintiff's claims. R&R, ECF No. 7. Plaintiff filed a timely objection. ECF No 9.

### I.     STANDARD

Federal Rule of Civil Procedure 72(b)(2) provides that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly

objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

## II. ANALYSIS

### A. Denial of Access to Courts

Plaintiff objects to the Magistrate Judge's determination that he did not adequately plead that he was denied access to the courts, contending that denial of access to the law library "caused [him] grievous harm." Obj. 2, ECF No. 9. The Court finds no error with the Magistrate Judge's conclusion that Plaintiff failed to adequately allege an access-to-courts claim because there is no evidence of a non-frivolous claim lost or that Montrose actually caused the injury. *See* R&R 4–5. Conclusory statements of "grievous harm" are insufficient. Plaintiff's first objection is overruled.

### B. Denial of Medical Care

Next, the Magistrate Judge recommended dismissal of Plaintiff's second claim because he failed to name any specific defendants listed in his Complaint that were responsible for the alleged harm. Upon de novo review the Court agrees and overrules Plaintiff's second objection.

### C. Cruel and Unusual Punishment

Last, Plaintiff objects to dismissal of his claim that he received insufficient food in violation of the Eighth Amendment's prohibition of cruel and unusual punishment. The Court agrees with the Magistrate Judge's conclusions that

Plaintiff both failed to connect a specific defendant with the alleged harm and also substantively failed to state a claim for relief. Plaintiff's third objection is overruled.

### III. CONCLUSION

Accordingly, the Court **OVERRULES** Plaintiff's objection, **ADOPTS** the R&R, and **DISMISSES** Plaintiff's Complaint in its entirety. The Court further **CERTIFIES** pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons, and the reasons stated in the Magistrate Judge's R&R, any appeal of this Order would not be taken in good faith and therefore **DENIES** Plaintiff leave to appeal in forma pauperis.

**IT IS SO ORDERED.**

                                    */s/ Michael H. Watson*
                                    **MICHAEL H. WATSON, JUDGE**
                                    **UNITED STATES DISTRICT COURT**